UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICK J. STEARNS, JR.,

    Plaintiff,

v.                              Case No. 20-CV-1920

JULIANNA ZAHN, *et al.*,

    Defendants.

## ORDER

On December 8, 2021, defendants Julianna Zahn, Laverne Wallace and Tammy West filed motions for summary judgment on the merits. (ECF Nos. 35, 43.) Pursuant to Civil Local Rule 15(b)(2), and a Notice an Order issued by the court on December 14, 2021, *pro se* plaintiff Patrick J. Stearns, Jr. had until January 10, 2022, to respond to the defendants' motion for summary judgment. (ECF No. 50.) The court cautioned Stearns that if he failed to respond to the summary judgment motion, the court would accept all facts asserted by the defendants as true and likely grant their motion. Stearns filed a motion to stay the case on December 17, 2022. (ECF No. 53.) The court denied his motion to stay the case, but gave him until March 10, 2022, to file a response.[1]

---

[1] The plaintiff did file a brief "response" on December 13, 2021, but it did not respond to the defendants' proposed findings of fact.

The March 10, 2022, deadline has passed, and Stearns still has not filed a response. As such, the court will construe the defendants' motions for summary judgment as unopposed. The court has reviewed the defendants' motions, briefs in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the defendants are entitled to summary judgment on the merits.

In particular, Defendants West and Wallace provided proposed findings of fact that demonstrate a single, inadvertent medication mix-up occurred. This resulted in Stearns not feeling right for several hours. That does not rise to the level of deliberate indifference. Similarly, Defendant Zahn filed proposed findings of fact. Her proposed findings reflect a similar single-instance mix-up with a different drug. At most, both set of proposed findings—which the court accepts as true—are suggestive of negligence, not deliberate indifference.

**IT IS THEREFORE ORDERED** that the defendants' motions for summary judgment (ECF Nos. 35, 43) are **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure

4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of March, 2022.

*[signature: Stephen C. Dries]*
STEPHEN C. DRIES
United States Magistrate Judge